UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10168-GAO

ROGER ROACHFORD,
Plaintiff,

v.

SOVEREIGN BANK, N.A., and
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Defendants.

OPINION AND ORDER
January 2, 2013

O'TOOLE, D.J.

The plaintiff, Roger Roachford, brought suit in state court against Federal National

Mortgage Association ("Fannie Mae") and Sovereign Bank, alleging various causes of action

stemming from the foreclosure of his property. The defendants removed the case to this Court

and now move to dismiss (dkt. no. 7). The Complaint includes four counts alleging breach of

contract, conversion, violations of Massachusetts General Laws ch. 244, § 14, and unfair acts

and practices.

## I.      Background

According to the Complaint, the plaintiff received a mortgage from Sovereign in 2003 for

the purchase of a home in Brockton, Massachusetts. The plaintiff became delinquent on the loan.

The Complaint alleges that in December 2010 Sovereign offered the plaintiff an opportunity to

correct his delinquency through the loss mitigation department pursuant to the Home Affordable

Modification Program ("HAMP"). The plaintiff "accepted the offer" (Compl. ¶ 7) and began

working with the modification team. Sovereign thereafter "breached its agreement to work with"

the plaintiff (id., ¶ 10) and terminated the modification process. Sovereign began to pursue foreclosure proceedings. Sovereign assured the plaintiff it would not foreclose on the home (id., ¶14) but then did so anyway (id., ¶ 15). On March 18, 2011, there was a foreclosure sale, and Fannie Mae purchased the property. Following the purchase Fannie Mae filed a summary process complaint seeking possession of the property.

## II.     Standard of Review

To survive a motion to dismiss a plaintiff must present facts that make his claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Specifically, the complaint must contain "[m]ore than labels and conclusions," and more than "a formulaic recitation of a cause of action's elements." Id. at 555. When evaluating a motion to dismiss, this Court "must take all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st. Cir 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## III.    Discussion

The plaintiff asserts four counts in the Complaint. All counts are deficiently pled. As to the breach of contract claim, the plaintiff fails to plead facts sufficient to allege the formation and breach of a contract. Simply using words like "offer" and "acceptance" is not enough to plead the existence and breach of a contract. Rather, the Complaint must assert facts to support the existence of the basic elements of a breach of contract claim, including a valid and binding agreement supported by consideration, breach by one party, and damages. See Linton v. New York Life Ins. & Annuity Corp., 392 F. Supp. 2d 39, 41 (D. Mass. 2005). At most, the factual allegations of the Complaint suggest that the plaintiff and Sovereign entered into negotiations for a potential modification, but the fact that the parties may have hoped to have an eventual

agreement is not enough to support a conclusion that they had a binding contract. See <u>TLT Construction Corp. v. RI, Inc.</u>, 484 F.3d 130, 135 (1st Cir. 2007).

The defendants speculate in their motion papers that the plaintiff may have intended to allege that a contract was created by the Service Participation Agreements signed by Sovereign as part of the HAMP program. Even if this theory had been sufficiently pled it would fail as a matter of law. As this Court has previously stated, HAMP, while intended to benefit homeowners, did not intend to make homeowners third party beneficiaries to the contracts signed between the mortgage servicers and the government. <u>See</u> <u>Teixeira v. Fannie Mae</u>, 2011 WL 3101811 at *6 (D. Mass. July 18, 2011).

The second count in the Complaint is for conversion of the property as a result of the foreclosure sale. This count fails as a matter of basic tort law. Conversion cannot be maintained for injury to real estate and is "appropriate exclusively to the recovery of damages for the unlawful conversion of personal property." <u>Riley v. Boston Water Power Co.</u>, 65 Mass. 11, 13 (1853).

The third count claims a violation of Massachusetts General Laws ch. 244, § 14, which governs non-judicial foreclosures. Section 14 lays out the necessary steps that must be taken prior to a foreclosure sale such as notice and publication. The Complaint only states that the defendants violated the statute without providing any supporting facts that amount to a breach of any obligation under Massachusetts General Laws ch. 244, § 14.  The pleading for this count is clearly inadequate.

The fourth and final count of the Complaint alleges "unfair acts and practices." What those unfair acts and practices are is unknown because there no supporting factual allegations. Furthermore, this count uses terminology associated with a consumer protection claim under

Massachusetts General Laws ch. 93A; however, in the opposition to the motion to dismiss the plaintiff says that this count is actually claiming a breach by the defendants of the duty of good faith and fair dealing. As to count four, the Complaint fails to provide factual allegations to support the claim or give notice of the nature of the claim to the defendants.

## IV.    Conclusion

For the reasons state herein, the defendants' Motion to Dismiss (dkt. no. 7) is GRANTED. The Complaint is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge